## Commonwealth v. Rhodes

*Arthur Silverblatt* and *Ivo V. Giannini*, for Comwealth.

*Elizabeth P. Mensch*, for defendant.

FLANNERY, J., November 26, 1957.—Defendant was arrested upon an information charging a violation of section 701 of The Game Law of June 3, 1937, P. L. 1225, as amended.

At the hearing before the justice of the peace it was established "that Thomas Rhodes—defendant did have possession of parts of deer taken in closed season in violation of Pennsylvania Game Laws Section 701", whereupon he was found guilty and ordered to pay a fine of $100 and costs of $10.50.

From that judgment defendant took an appeal and when the transcript was filed moved to quash the proceedings alleging:

"The possession merely of parts of a deer in closed season is not a crime or offense under The Game Law since no provision is made by The Game Law for any punishment therefor."

The motion to quash is now before us for decision.

Previous to 1956 the law was as defendant here contends and in Commonwealth v. Vollmer, 83 D. & C. 250 (1952), and Commonwealth v. Kelley, 1 D. & C. 2d 106 (1954), the courts so held.

In 1956 the statute was amended. To the section on Definitions the legislature added, inter alia, the sentence:

". . . the word 'each' shall include the whole or any substantial part or parts": Act of May 24, 1956, P. L. (1955)) 1736, sec. 1, 34 PS Pkt. Pts. §1311.101.

The sections on penalties were also amended to read, inter alia:

"Any person violating any of the provisions of the sections of this article* shall, upon conviction, be sentenced to pay the following fines and costs of prosecution for each offense: . . .

"(q)) Except as otherwise herein provided, for hunting, or chasing, or catching, or taking, or killing, or wounding, or receiving, or delivering, or transporting, or shipping or using or concealing, or assisting to conceal, or *having in possession*, or attempting to hunt for, catch, take, kill, wound, or transport contrary to this article, or regulations adopted thereunder by the commission, or for violating any of the provisions of this article relating to the shipping or transportation or removal out of this Commonwealth, or relating to the buying or selling or bartering of *the whole, or any substantial part or parts of:* (Italics supplied.)

". . . II. *Each* deer, one hundred dollars during any deer season; at any other time, one hundred dollars and the person convicted shall be denied the right to hunt or trap anywhere in this Commonwealth, with or without a license, for a period of three years." (Italics supplied.) Act of May 24, 1956, P. L. (1956) 1736, sec. 4, 34 PS Pkt. Pts. §1311.731, at page 65.

We are satisfied the omission in the previous statute has been supplied by the legislative definition of "each", and defendant's motion must fall.

Counsel argues that the sentence ". . . The word each shall include the whole or any substantial part or parts" is too vague, uncertain and indefinite to allow of

---

* The unlawful taking, killing, possessing game or any part thereof, etc.: Act of June 28, 1951, P. L. 600, sec. 1, 34 PS Pkt. Pts. §1311.701.

uniform application. We cannot agree. Clearly it was the intention of the legislature to protect game out of season and condemning the possession, at such a time, of a substantial part or parts of the protected animal goes far to accomplish that result. We are satisfied that the amendment is susceptible of a reasonable construction that will support and give effect to the purpose of the statute: Howarth v. Gilman, 365 Pa. 50.

Wherefore, defendant's motion to quash is denied.